UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD,<br>WORLD WISDOM, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 1:21-cv-01822-TWP-TAB<br>) |
| MAUDE MURRAY,<br>BEACON BOOKS AND MEDIA, LTD, | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION TO APPOINT COUNSEL**

Defendant Maude Murray has filed a motion seeking court-appointed counsel. [Filing No. 13.] Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), gives courts the authority to "request" counsel for any person unable to afford counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

In deciding whether to attempt to recruit *pro bono* counsel, "'the district court is to make the following inquiries: (1) has the indigent [litigant] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [litigant] appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d

667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2018) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Murray has not indicated whether she has attempted to contact any attorneys. Accordingly, the Court finds that she has not made a reasonable effort to recruit counsel on her own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. Her motion for assistance with recruiting counsel, [Filing No. 13], must therefore be denied.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the [litigant] to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular [litigant's] capacity as a layperson to coherently present it to the judge or jury himself.' " *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of [a litigant's] apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.' " *Id.* (quoting *Pruitt*, 503 F.3d at 655). There are no fixed criteria for determining whether a litigant is competent to litigant her own case, but case law indicates the Court should consider factors such as the

litigant's literacy, communication skills, education level, litigation experience, intellectual capacity, and psychological history.  *Id.*

Murray has not set forth enough information for the Court to evaluate her competence to litigate the claims she is facing.  She notes that she is 82 years old and lives in a foreign country, but otherwise has not indicated her literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, or any other potential challenges.  For these reasons, Murray's motion for appointment of counsel is denied without prejudice. [Filing No. 13.]  If Murray chooses to renew her request, she shall provide the Court with a list of the names of attorneys, organizations, and/or law firms she has contacted and any responses she has received, as well as additional information as noted to assess her capacity to litigate the claims.

The Court has prepared a form motion for use by indigent litigants seeking assistance with recruiting counsel.  The form motion, when completed, provides information necessary for the Court's use in deciding whether to attempt to recruit counsel.  The form motion also requires the litigant to acknowledge important conditions for the recruitment and appointment of pro bono counsel should the Court's efforts with recruiting counsel be successful.  For these reasons, Murray should use the Court's form motion in any renewed request for assistance with recruiting counsel.  The clerk is directed to send Murray a form motion for this purpose with this order.

Date: 8/16/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MAUDE MURRAY
c/o Dilawar khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad KPK
Pakistan