UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, ) | |
| WORLD WISDOM, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-01822-TWP-TAB |
| ) | |
| MAUDE MURRAY, ) | |
| BEACON BOOKS AND MEDIA, LTD, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS**

This order addresses several pending motions. The first motion is Defendant Maude Murray's motion for assistance with recruiting counsel [Filing No. 39], which asks the Court to appoint counsel for Murray. This motion is denied for two reasons. First, Murray did not sign the motion under penalty of perjury as the form requires. [Filing No. 39, at ECF p. 4.] Second, the Court denied a previous request for counsel Murray submitted [Filing No. 30; Filing No. 36], and the additional information Murray provided in her most recent motion does not justify utilizing the Court's limited number of Court-appointed counsel in this case. Although Murray's more recent motion expands upon the number of lawyers she has contacted to represent her, and provides additional details regarding her medical condition, other facts undermining her request remain undisputed. Specifically, Murray has an undergraduate and master's degree from Harvard University, she can read and write in English, she has brought multiple lawsuits that she litigated *pro se*, and she dismissed her court-appointed public defender in a prior criminal case. [Filing No. 36, at ECF p. 2.]

Also pending before the Court are two motions to compel filed by Plaintiffs [Filing No. 43; Filing No. 47], as well as Murray's motion to strike the Plaintiffs' first motion to compel. [Filing No. 44.] The Court first addresses the motion to strike, which is based upon alleged improper service of the underlying discovery request. [Filing No. 44, at ECF p. 1.] As a starting point, motions to strike are generally disfavored in that they potentially serve only to delay proceedings. *Malibu Media, LLC v. Reeves*, No. 1:12-cv-00841-SEB-MJD, 2013 WL 5487372, at *1 (S.D. Ind. Sept. 27, 2013). Moreover, the basis for Murray's motion to strike is that the certificate of service to her co-Defendant, Beacon Books and Media, LTD, is wrongly addressed. Murray cannot decline to respond to discovery served on her based upon an alleged service error on Beacon Books. Beacon Books has never retained counsel, and the Clerk has entered a default against it. [Filing No. 49.] In addition, as set forth in Plaintiffs' response brief, Beacon Books's director, Jamil Chishti, agreed to accept email service of filing and discovery on July 26, 2021, and Plaintiffs emailed the discovery requests to him that day. [Filing No. 50, at ECF p. 3.] Thus, Beacon Books did in fact receive a timely copy of the discovery requests at issue. [Filing No. 50, at ECF p. 3.] For these reasons, Murray's motion to strike [Filing No. 44] is denied.

Turning to the motions to compel, the Court notes that on July 26, 2021, Plaintiffs served interrogatories and requests for production on both Murray and Beacon Books. In their motions to compel, and in their reply brief, Plaintiffs assert that Defendants have failed to respond to this discovery (other than Murray filing the previously referenced, and misplaced, motion to strike). While that apparently was true as of the time Plaintiffs filed their reply brief, the docket reflects that later on that same date, Defendants filed discovery responses. [Filing No. 51; Filing No. 52; and Filing No. 53]. There are some obvious shortcomings in these filings, such as: (1) Beacon Books is not represented by counsel, so filings cannot be made on Beacon Books's behalf; (2)

Murray did not sign her purported interrogatory responses under oath [Filing No. 51; Filing No. 52.]; (3) Murray's discovery responses are, in many respects, incomplete and non-responsive; and (4) discovery requests and responses are not to be filed with the Court except as permitted by S.D. Ind. L.R. 26-2.

Unfortunately, and inexplicably, Plaintiffs have not supplemented (or sought leave to supplement) their reply brief in any way despite these discovery filings. As a result, the Court cannot determine whether and to what extent Plaintiffs consider these discovery responses to be improper. Moreover, on October 20, 2021, the Court granted Plaintiffs' motion for preliminary injunction [Filing No. 57], and it is unclear what impact this ruling may have on Plaintiffs' desire to continue to push forward on any motion to compel. Accordingly, Plaintiffs' motions to compel [Filing No. 43; Filing No. 47] are denied without prejudice. In the event that Plaintiffs desire to re-file motions to compel addressing any of these same discovery issues, Plaintiffs shall first make a good faith effort to confer with Murray on these issues, and any motion to compel shall specify all actions taken in an effort to do so.

Date: 11/4/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

MAUDE MURRAY
c/o Dilawar khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad KPK

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
jason.rauch@faegredrinker.com