UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and<br>WORLD WISDOM, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:21-cv-01822-TWP-TAB<br>) |
| MAUDE MURRAY, and<br>BEACON BOOKS AND MEDIA, LTD, | )<br>)<br>) |
| Defendants. | ) |

**ENTRY DENYING DEFENDANT MURRAY'S MOTIONS TO RECONSIDER**

This matter is before the Court on *pro se* Defendant Maude Murray's ("Murray") letter, (Dkt 61), which has been interpreted by the Court to be a Motion to reconsider the Entry on Plaintiffs' Motion for Preliminary Injunction (*see* Dkt. 57), which granted injunctive relief to Plaintiffs Michael Fitzgerald and World Wisdom, Inc., (collectively, the "Plaintiffs"). For the following reasons, Murray's Motion to reconsider is **denied**.

## I.  DISCUSSION

Because no final judgment has been entered in this case, Murray's motion to reconsider is analyzed pursuant to Federal Rule of Civil Procedure 54(b). See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly

discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, No. 1:13-cv-159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

In their request for injunctive relief, the Plaintiffs asked the Court to enjoin Murray from continuing to distribute and market her book, "Third Wife of the Muslim Shaykh Frithjof Schuon", to and within the United States. Because each of the factors for the issuance of a preliminary injunction weighed in favor of the Plaintiffs, the Court granted the Plaintiffs' Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65(d), (Dkt. 19). On October 20, 2021, the Court issued a preliminary injunction prohibiting Murray from directly or indirectly:

> a. Distributing, selling, or offering for sale copies of "Third Wife of the Muslim Shaykh Frithjof Schuon" in any format or medium, to any person or location within the United States; and
>
> b. Engaging in any marketing, advertising, or any other conduct that seeks requests of her book "Third Wife of the Muslim Shaykh Frithjof Schuon" that is accessible to any person or location within the United States, including but not limited to, on the internet (*e.g.*, blogs, websites) and on any and all social media platforms (*e.g.*, Twitter).

(Dkt. 57 at 11.)

On November 7, 2021, Murry filed a letter that has been docketed as a Motion to reconsider the Courts Entry granting Plaintiffs' Motion for Preliminary Injunction. In her Motion to Reconsider, Murray states that "this is my last appeal, or whatever it's called; then I will walk with the legal system, or alone with the truth, depending upon the court's decision". (Dkt. 61 at 1.) She points out that,

> I received four documents from [t]he Clerk's Office, among which was an order not to distribute pdfs in the United States. Of course that was a fair decision: they had copyrighted pages in them. The fact that I sent them out, points to the root of a problem: I did that on purpose, because I have no way to refute the Plaintiffs upon legal grounds; and, as things stand, I never will have a way.

*Id*. (emphasis omitted). The remainder of Murry's Motion is a confusing narrative discussing Murray's "free lawyer from a place called ACLU (?)", an explanation of her "final plea to annul the Agreement of 1995", and what appears to be personal observations concerning her life, divorce and relationship with Frithj of Schuon and others. (Dkt. 61 at 1-6.) The Court is simply unable to discern what matters, errors of law or fact, or newly discovered evidence that Murray is asking it to reconsider.

In their Response in Opposition to Defendant Maude Murray's Motion to Reconsider, Plaintiffs argue persuasively that Murray's Motion cites no new law and her additional facts are irrelevant to the Court's decision granting them injunctive relief. (*See* Dkt. 65.) Plaintiffs also

3

contend that the additional facts and allegations asserted by Murray are false and easily refuted. *Id*. at 3-4.

The Court need not determine whether the additional facts and allegations asserted by Murray are false and easily refuted. Most of Murray's arguments and statements in her Motion are repetitive, confusing, and not relevant to the preliminary injunction. Nowhere in her 6-page Motion does Murray challenge Plaintiffs' likelihood of success on the merits; that Plaintiffs have no adequate remedy at law, or that without relief Plaintiffs will suffer irreparable harm. Instead, in a rambling fashion, she asserts additional facts and allegations that appear to have no bearing on the issues before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Murray has failed to show any error of law or fact regarding the Court's granting Plaintiffs' Motion for Injunctive Relief. Instead, she argues a simple disappointment with the Court's reasoning and rulings, so her Motion must be **denied.**

## II.   CONCLUSION

For the reasons stated above, Murray's Motion to Reconsider the Entry on Plaintiffs' Motion for Preliminary Injunction, (Dkt. 61), is **DENIED**.

**SO ORDERED.**

Date:  12/3/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

4

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan

5