### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL FITZGERALD, and | ) | |
| WORLD WISDOM, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01822-TWP-TAB |
| | ) | |
| MAUDE MURRAY, and | ) | |
| BEACON BOOKS AND MEDIA, LTD, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON DEFENDANT MURRAY'S MOTION TO DISMISS AND PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion to Dismiss filed by Defendant Maude Murray ("Murray") (Filing No. 64) and a Partial Motion for Summary Judgment filed by Plaintiffs Michael Fitzgerald ("Fitzgerald") and World Wisdom, Inc. ("World Wisdom") (collectively, "Plaintiffs") (Filing No. 66). After engaging in various other legal disputes with Murray, the Plaintiffs filed this action to protect their copyrighted works from infringement by Murray and co-defendant Beacon Books and Media, LTD[1] ("Beacon Books") (Filing No. 1). The Plaintiffs' Complaint seeks damages as well as injunctive and declaratory relief concerning their copyrighted works. Murray filed a Motion to Dismiss the claim regarding the parties' nondisclosure agreement, and soon thereafter, the Plaintiffs moved for partial summary judgment. Also pending is Plaintiffs' Motion to Strike Murray's Expedited Motion for Counterclaim for Summary Judgment (Filing No. 152). For the following reasons, the Court **denies** Murray's Motion and **grants** the Plaintiffs' Motions.

---

[1] On October 1, 2021, a Clerk's Entry of Default was entered against Beacon Books for failure to plead or otherwise defend in this action (Filing No. 49). Thereafter, on February 24, 2022, an Entry Granting Moton for Default Judgment against Defendant Beacon Books and Media, LTD on all claims was entered (Filing No. 81). The matter is set for an evidentiary hearing on relief/damages against Beacon Books--as well as a hearing on Plaintiffs' Emergency Motion to Hold Maude Murray in Contempt (Filing No. 102 )--**October 28, 2022 at 9:00 a.m. E.S.T**. and will be held virtually.

# I.   <u>BACKGROUND</u>

Fitzgerald, a lifelong resident of Indiana resides in Bloomington, Indiana. World Wisdom is an Indiana corporation with its principal place of business in Bloomington, Indiana.  Murray is an individual currently residing in Pakistan.  Beacon Books is a private limited company located in Sale, England (Filing No. 1 at 2).

Fitzgerald was the executor of the estate of Frithjof Schuon ("Schuon"), a world-renowned philosopher and author, who died in 1998.  Schuon was a resident of Indiana from 1980 until his death in 1998.  His wife, Catherine Schuon, was a resident of Indiana from 1980 until her death in 2021.  Fitzgerald was a close friend to Schuon and Catherine Schuon.  Murray was an Indiana resident from 1980 through 2001.  Murray was a close friend of Schuon and Catherine Schuon until 1992 when Murray became estranged from Schuon and Catherine Schuon following Murray's divorce from her then-husband (Filing No. 1 at 2–3).

From the years 1992 through 1995, Murray made increasingly aggressive attempts to communicate with Schuon, including through threatening letters sent to Schuon and others.  These attempts to communicate with Schuon culminated in Murray appearing at the home of Schuon and Catherine Schuon in Bloomington, Indiana, in April 1995.  Murray stated that her intention was to starve herself to death.  She was removed by police.  Catherine Schuon then obtained a protective order against Murray for herself and Schuon; however, Murray repeatedly violated the protective order.  A warrant was issued for Murray's arrest, and she was incarcerated.  Murray then took to the courts, and in the span of about six weeks, filed four separate lawsuits against Schuon and his close friends and family, including Catherine Schuon and Fitzgerald.  One of these lawsuits was filed in Monroe County, Indiana, against Schuon for defamation of character.  Two of the lawsuits were dismissed, but the defamation action and one other lawsuit remained pending.  In

consideration for the dismissal of the pending lawsuits and the pending criminal case against her, Murray entered into a settlement agreement with Schuon, Catherine Schuon, and Fitzgerald in 1995, in which she agreed that she would not disseminate any information in any medium about Schuon, Catherine Schuon, and Fitzgerald.  The settlement agreement was tendered to the Monroe County Circuit Court, and the defamation action was dismissed (Filing No. 1 at 3–4; Filing No. 1-2).

After Schuon's death in 1998, Catherine Schuon inherited Schuon's rights of publicity and various copyright interests in Schuon's works.  In 2003, Catherine Schuon assigned her interest in Schuon's rights of publicity and her copyright interests in Schuon's works to World Wisdom. Catherine Schuon also inherited Schuon's rights under the settlement agreement upon his death. In March 2021, Catherine Schuon assigned all her rights and Schuon's rights under the settlement agreement to the Plaintiffs.   In January 2021, Catherine Schuon transferred all her rights of publicity and copyright interests in her writings and other artistic creations to World Wisdom. Catherine Schuon died sometime later in 2021 (Filing No. 1 at 2, 4, Filing No. 1-3; Filing No. 1-4; Filing No. 1-5).

In April 2018, Murray requested a meeting with Catherine Schuon.  However, because Catherine Schuon was not well enough to meet, Murray instead met with Fitzgerald.  During the meeting, Murray proposed that if she were welcomed back by her former friends, she would not publish her new website that she created while living in Indiana, which she alleged contained many criticisms of Schuon.  This proposal was not seriously considered, and the day after the meeting took place, Murray published her website (Filing No. 1 at 4–5).

Despite her contractual obligation under the settlement agreement to not disclose information about Schuon, Catherine Schuon, and Fitzgerald, Murray's website contains numerous

allegations about them and other individuals.  Murray's website also infringes Catherine Schuon's copyright in her "Letter to Sister Veronica," and World Wisdom owns the copyright in "Letter to Sister Veronica." (Filing No. 1 at 5.)

In 2021, Murray and Beacon Books published the book "Third Wife of the Muslim Shaykh Frithjof Schuon" ("Third Wife"), which Murray authored.  Third Wife was published and disseminated in print and electronic formats.  Third Wife contains numerous allegations about Schuon, Catherine Schuon, and Fitzgerald.  Third Wife also infringes Catherine Schuon's copyright in her "Points of Reference" and "Letter to Sister Veronica," and World Wisdom owns the copyright to both (Filing No. 1 at 5–6).

On March 15, 2021, Beacon Books withdrew Third Wife from circulation, and soon thereafter, Murray sent an email to Fitzgerald, demanding that he pay Beacon Books £10,000 in exchange for taking the first edition of Third Wife out of circulation.  In her email, Murray threatened to continue to distribute printed and electronic versions of Third Wife if her money demand was not met.  Murray continued, and continues, to disseminate electronic versions of Third Wife.  At least seven printed copies of Third Wife have been shipped to Indiana.  Murray and Beacon Books have indicated that another edition of Third Wife is being developed and is intended to be published (Filing No. 1 at 6–7).

On June 18, 2021, the Plaintiffs filed their Complaint, initiating this lawsuit to protect their copyrighted works from infringement by Murray and Beacon Books (Filing No. 1).  The Complaint asserts claims for Count I: Civil RICO (all Defendants), Count II: Infringement of Copyright (all Defendants), Count III: Right of Publicity (all Defendants), Count IV: Breach of Contract (Murray) and Count V: Intentional Interference with Contractual Relations (Beacon Books).  *Id*.  On October 20, 2021, the Court issued a preliminary injunction prohibiting Murray

from distributing, selling, offering to sell, marketing, or advertising Third Wife in the United States (Filing No. 57 at 11).  On November 17, 2021, Murray moved for dismissal of the breach of contract claim (Filing No. 64).  Shortly thereafter, the Plaintiffs filed their Motion for Summary Judgment (Filing No. 66).  Additional facts will be provided as needed in the discussion section.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633.  However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s]" of the elements of a cause of action" are insufficient.  *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").  The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.      Summary Judgment Standard**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits

of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted).  "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

The Court notes that a "document filed *pro se* is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

> However, it is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III.    DISCUSSION

Murray filed a Motion to Dismiss the breach of contract claim, and one week later, the Plaintiffs filed their Motion for Summary Judgment on the copyright infringement, right of publicity, and breach of contract claims against Murray.  The Court will first address the Motion to Dismiss and then turn to the Motion for Summary Judgment.

### A.    Motion to Dismiss

In her "Motion to Dismiss Non-disclosure Agreement of 1995," Murray explains that she was mentally ill when she signed the settlement agreement, but "[i]n maybe a year, [she] was fine again."  (Filing No. 64 at 1.)  Murray argues that the settlement "[a]greement is far too onerous."

*Id.*  She asserts that in April 2018 the Plaintiffs knew about her website that allegedly breached the settlement agreement, but they did not try to enforce the agreement for four years, so the Plaintiffs have forfeited their rights to enforce it now.  (Filing No. 70 at 1.)

Responding to Murray's Motion to Dismiss, the Plaintiffs argue that dismissal of the breach of contract claim is not warranted because they have sufficiently pled a breach of contract claim in their Complaint, and Murray's arguments fail to justify dismissal.  As to Murray's argument of incapacity, the Plaintiffs note that the Complaint alleges that Murray negotiated a settlement agreement, agreed to its terms, and executed the written agreement.  Thus, even though Plaintiffs did not explicitly allege Murray's capacity, it is reasonable to infer that Murray had the capacity to enter the agreement to survive a motion dismiss.  Furthermore, Murray is presumed to have capacity as a matter of law because, under Indiana law, a person is presumed to understand and assent to the terms of the contract she signs.  *Reynosa v. A&S Transp.*, 2020 WL 4195103, at *2 (S.D. Ind. July 1, 2020).  In fact, Murray had sufficient capacity for the Monroe County Circuit Court to review and accept the agreement.

As to Murray's argument that the settlement agreement is too onerous, the Plaintiffs explain that voiding a contract based on unconscionability is a high bar to clear, and again, Murray negotiated and executed the settlement agreement, and the Monroe County Circuit Court reviewed and accepted it, so it is presumed to be valid.  *See Buschman v. ADS Corp.*, 782 N.E.2d 423, 428 (Ind. Ct. App. 2003).

As to Murray's argument regarding forfeiture or laches, the Plaintiffs argue the affirmative defense of laches is generally unavailable on a motion to dismiss.  *See Nat'l Found. for Special Needs Integrity, Inc. v. Reese*, 2016 WL 454805, at *3 (S.D. Ind. Feb. 5, 2016). Also, Murray's unclean hands in brazenly breaching the contract prevent her from invoking the equitable defense

of laches. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 825 (7th Cir. 1999).  Further, the Plaintiffs' slight delay in bringing suit is well within the ten-year statute of limitations for contract claims, so their claim is not presumptively barred.  *Hot Wax*, 191 F.3d at 820–21; Ind. Code § 34-11-2-11.  Lastly, prospective relief is not barred by laches, so Plaintiffs' claim cannot be barred to the extent it seeks permanent injunctive relief.  *See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001).

The Plaintiffs' arguments regarding the breach of contract claim are well-taken and supported by case law.  Under Indiana law, breach of contract claims must allege (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages.  *Hash v. First Financial Bancorp*, 2021 WL 859736, at *3 (S.D. Ind. Mar. 8, 2021). The Complaint alleges the existence of a contract (the settlement agreement), Murray's breach thereof (she disseminated information about the Schuons and Fitzgerald), and damages.  The Court agrees with each of the arguments presented by the Plaintiffs as to Murray's contentions. The Complaint readily reveals that the Plaintiffs have sufficiently pled factual allegations to support a claim for breach of contract against Murray. Therefore, the Court **denies** Murray's Motion to Dismiss.

**B.**     **Plaintiffs' Partial Motion for Summary Judgment and Motion to Strike**

As an initial matter, the Court **grants** Plaintiffs' Motion to Strike Expedited Counterclaim for Summary Judgment Against Plaintiffs (Filing No. 152), because Murray's filing (Dkt. 147) is not properly related the summary judgment proceedings, and it is frivolous and vexatious.

The Court will next address procedural matters regarding the summary judgment motion. On November 23, 2021, the Plaintiffs filed their Motion for Summary Judgment on the copyright infringement, right of publicity, and breach of contract claims against Murray (Filing No. 66). That same day, Plaintiffs filed and served on Murray the summary judgment notice to *pro se*

litigants required by Local Rule 56-1(k) (Filing No. 68).  On December 23, 2021, Murray requested

an extension of time to respond to the Plaintiffs' summary judgment motion (Filing No. 75).

Murray was granted an extension of time to January 11, 2022, to file her summary judgment

response (Filing No. 78).  However, Murray never filed a response to the Plaintiffs' Motion for

Summary Judgment.  The result of Murray's failure to respond is that "the court will assume that

the facts as claimed and supported by admissible evidence by the movant are admitted without

controversy."  Local Rule 56-1(f)(1).

The Plaintiffs move for summary judgment on their copyright infringement, right of

publicity, and breach of contract claims against Murray.  The Plaintiffs also move for summary

judgment as to statutory damages under 17 U.S.C. § 504(c) and permanent injunctive relief on

each of the claims.  The Court will address each claim in turn.

### 1.     Copyright Infringement

In asking for summary judgment on their copyright infringement claim, the Plaintiffs

explain,

> To establish a claim for copyright infringement, Plaintiffs must show "(1)
> ownership of a valid copyright, and (2) copying of constituent elements of the work
> that are original." *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir.
> 2016) (citations omitted). As the Court held in its Entry on Plaintiffs' Motion for
> Preliminary Injunction (Dkt. 57), Plaintiffs have satisfied these elements.
>
> First, World Wisdom owns a valid copyright in Points of Reference, under
> registration number TXu 2-248-902. Dkt. 20-4. "This is sufficient to prove that
> World Wisdom owns a valid copyright in the work[.]" Dkt. 57 at 8 (citing *Wildlife
> Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994)). Given
> that Points of Reference is a handwritten letter independently created by its author,
> Catherine Schuon, it easily clears the originality test. *Id.* (citing *Design Basics, LLC
> v. Signature Constr., Inc.*, 994 F.3d 879, 885 (7th Cir. 2021)).
>
> Second, "[t]here is no dispute that Murray copied elements of Points of Reference."
> *Id. Third Wife* reproduced a complete and identical copy of the work. *Compare* Dkt.
> 20-3 at 2 *with* Dkt. 20-5 at 427. Murray even admitted that her book "had some
> copyrighted things in it . . . ." Dkt. 33 at 1; *see also* Dkt. 59 at 1.

Accordingly, Plaintiffs are entitled to summary judgment in their favor on Count II. *Bell v. Merchants Bank of Ind.*, 456 F. Supp. 3d 1046, 1050-51 (S.D. Ind. 2020) (granting summary judgment on plaintiffs' copyright infringement claims); *Broadcast Music, Inc. v. Diamond Invs., Inc.*, No. 1:11-cv-927-SEB-DKL, 2013 WL 1681151, at *4 (S.D. Ind. Apr. 17, 2013) (same).

(Filing No. 67 at 13.)

The undisputed facts and evidence have not changed (and have not been challenged by Murray) since the Court issued its Entry on Plaintiffs' Motion for Preliminary Injunction; therefore, the Court reiterates that Order's copyright infringement discussion here for purposes of summary judgment.

To succeed on the merits of their copyright infringement claim, the Plaintiffs must establish (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016). The Court concludes that the Plaintiffs have [proven their] copyright claim. The work at issue is a work entitled Points of Reference. World Wisdom owns a valid copyright in Points of Reference. First, Points of Reference is registered with the United States Copyright Office and was assigned registration number TXu 2-248-902 (Filing No. 20-4). This is sufficient to prove that World Wisdom owns a valid copyright in the work, and Murray has not rebutted this. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Additionally, it is obvious that the work is original to the author such that it is entitled to copyright protection. Originality "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 885 (7th Cir. 2021). Points of Reference easily clears this standard as it is a handwritten letter independently created by its author Catherine Schuon (Filing No. 20-3; Filing No. 20-2 at 4). Accordingly, World Wisdom owns a valid copyright in Points of Reference.

There is no dispute that Murray copied elements of Points of Reference. Copying may be proven by direct and indirect evidence. Direct evidence includes "evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works." *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006). In this case, there is direct evidence of actual copying. Murray's Third Wife reproduced a complete and identical copy of Points of Reference (*compare* Filing No. 20-3 at 2 *with* Filing No. 20-5 at 427). In fact, in her response to the Motion for Preliminary Injunction, Murray admitted to copying Points of Reference (*see* Filing No. 33 at 1 ("My book had some copyrighted things in it by accident . . . I won't use them again.")). Because World Wisdom owns a valid

copyright and Murray undeniably copied the work in her book, the Plaintiffs [have proven] their copyright infringement claim.

… In an email to a private investigator hired by the Plaintiffs, Murray acknowledged that she is "breaking the law everyday" [sic], and she encouraged the private investigator to distribute her book (Filing No. 20-7 at 2–3). Murray has made repeated attempts to widely disseminate her infringing book and has encouraged others to share the book.

(Filing No. 57 at 8–9.) The Court **grants** summary judgment in favor of the Plaintiffs and against Murray on the copyright infringement claim.

**2.**    **Right of Publicity**

Indiana's right of publicity statute provides, "A person may not use an aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for one hundred (100) years after the date of the personality's death without having obtained previous written consent from a person specified in section 17 of this chapter."  Ind. Code § 32-36-1-8.  A personality is defined as "a living or deceased natural person whose: (1) name; (2) voice; (3) signature; (4) photograph; (5) image; (6) likeness; (7) distinctive appearance; (8) gesture; or (9) mannerisms; has commercial value."  Ind. Code § 32-36-1-6.  Indiana's right of publicity statute applies to acts or events that occur in Indiana.  Ind. Code § 32-36-1-1.  The written consent requirement and the rights and remedies of a right to publicity may be exercised and enforced by "(1) a personality; or (2) a person to whom the recognized rights of a personality have been transferred under section 16 of this chapter."  Ind. Code § 32-36-1-17.

The Plaintiffs assert that the undisputed material facts in this case, as supported by the designated evidence, establish that Murray used aspects of Schuon, Catherine Schuon, and Fitzgerald's personalities for the commercial purpose of soliciting purchases of her book Third Wife.  Schuon, Catherine Schuon, and Fitzgerald each is a personality, as defined by statute, in that they are natural persons whose name, image, or likeness has commercial value.

12

Schuon was a world-renowned philosopher and author who published many books and was one of the founders of the philosophical school of thought Perennialism.  His works are sold and distributed by Plaintiff World Wisdom, and his writings are featured in scholarly publications around the world (Filing No. 20-2 at 2; Filing No. 67-2 at 4).  Catherine Schuon was the well-known wife of Schuon, and she also was a well-known author, editor, and artist.  Her works have been published in numerous formats, including books and DVDs.  Her works are still sold and are distributed by Plaintiff World Wisdom and others (Filing No. 20-2 at 2; Filing No. 67-2 at 4).  Fitzgerald is a well-known author, editor, entrepreneur, and philanthropist.  He has written or edited more than twenty books, which have received more than forty-five awards.  His books have been published in six languages, and at least ten of his books and two of his documentary films are used in university classes.  Fitzgerald also has taught classes on religious traditions of North American Indians at the university level.  Fitzgerald is also a well-known entrepreneur and philanthropist with organizations such as Sunrise Greetings and Hallmark Cards (Filing No. 67-2 at 2, 4–6).  Schuon, Catherine Schuon, and Fitzgerald's names, images, and likenesses have commercial value.

Plaintiff Fitzgerald owns his own right of publicity, and Plaintiff World Wisdom owns the rights of publicity of Schuon and Catherine Schuon.  Catherine Schuon inherited Schuon's right of publicity upon his death in 1998.  Catherine Schuon assigned Schuon's right of publicity to World Wisdom in April 2003, and she assigned her own right of publicity to World Wisdom in January 2021 (Filing No. 67-2 at 4; Filing No. 1-3; Filing No. 1-5).  Thus, World Wisdom may properly enforce Schuon's and Catherine Schuon's rights of publicity.  *See* Ind. Code §§ 32-36-1-8, -16.

Murray unlawfully used aspects of Schuon, Catherine Schuon, and Fitzgerald's personalities in a video on Beacon Books' YouTube channel around January 2021.  In the video,

13

Murray promoted the sale and distribution of her book, Third Wife, while describing Schuon, Catherine Schuon, and Fitzgerald. Murray also unlawfully used aspects of Schuon's, Catherine Schuon's, and Fitzgerald's personalities on her website for the purpose of promoting the sale and distribution of Third Wife. Murray's promotional activities with regard to Third Wife were accessible around the world, including in Indiana, because the promotional activities were posted online. At least seven copies of Third Wife were shipped to Indiana after the publication of these promotional activities (Filing No. 67-2 at 3–5; Filing No. 20-2 at 6).

Therefore, the Plaintiffs argue, Murray's use of aspects of Schuon's, Catherine Schuon's, and Fitzgerald's personalities for a commercial purpose—promoting the sale of her book Third Wife—is a violation of the Plaintiffs' rights of publicity under Indiana law. Schuon, Catherine Schuon, and Fitzgerald each is a personality in that they are natural persons whose name, image, or likeness has commercial value. Murray was not authorized to use any aspect of these personalities' right of publicity for a commercial purpose, and her acts occurred in Indiana.

The designated evidence, and the applicable statutes support Plaintiffs' position and they are entitled to summary judgment on their right of publicity claim. The designated evidence shows that Schuon, Catherine Schuon, and Fitzgerald are natural persons whose name, image, or likeness has commercial value thereby qualifying them as a personality under Indiana law. The designated evidence shows that Plaintiff World Wisdom owns the rights of publicity for Schuon and Catherine Schuon, and Plaintiff Fitzgerald owns the right of publicity for himself. The designated evidence shows that Murray—without permission or authority—used aspects of Schuon's, Catherine Schuon's, and Fitzgerald's personalities for the commercial purpose of promoting the sale of her book Third Wife, and Murray's acts occurred in Indiana. Therefore, the Court **grants** summary judgment against Murray and in favor of the Plaintiffs on their right of publicity claim.

3.     **Breach of Contract**

Under Indiana law, breach of contract claims require (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages.  *Hash*, 2021 WL 859736, at *3 (S.D. Ind. Mar. 8, 2021).  The Plaintiffs assert that the designated evidence easily establishes their breach of contract claim.  In 1995, Murray entered into a settlement agreement with Schuon, Catherine Schuon, and Fitzgerald, in which she agreed, among other things, that she would not disseminate any information in any medium about Schuon, Catherine Schuon, and Fitzgerald (Filing No. 1-2).  The settlement agreement specifically stated, "Murray agrees that she will not disseminate or publicize in any manner, including in writing or through the use of video tape recordings, information of any type concerning or in any way related to the Named Individuals."  *Id.* at 5.  Catherine Schuon inherited Schuon's rights under the settlement agreement upon his death, and then in March 2021, Catherine Schuon assigned all her rights and Schuon's rights under the settlement agreement to the Plaintiffs (Filing No. 1-4).

Murray has extensively disseminated and publicized information about Schuon, Catherine Schuon, and Fitzgerald.  Murray has a website (with Schuon's name in the title), which discusses them.  She published her book, Third Wife of the Muslim Shaykh Frithjof Schuon, which discusses them.  She created and posted a YouTube video about them (Filing No. 67-2 at 4–5; Filing No. 20-2 at 5; Filing No. 20-5).  Thus, the Plaintiffs assert, Murray has breached the settlement agreement by disseminating and publicizing information about Schuon, Catherine Schuon, and Fitzgerald on her website, in her YouTube video, and in her book.

The Plaintiffs argue that by disseminating information about Schuon, Catherine Schuon, and Fitzgerald, Murray has violated their bargained-for privacy, which constitutes damages in the nondisclosure agreement context.  *See Youngblood-West v. Aflac Inc.*, 2019 WL 1601370, at *4

(M.D. Ga. Apr. 12, 2019) ("[individual] suffered resulting damages because he no longer has the privacy bargained for under the agreements"); *see also ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) ("there is no cure for the breach of [a] confidentiality agreement").

Similar to the right of publicity claim, upon review of the Plaintiffs' arguments, the designated evidence, and the applicable case law, the Court concludes that Plaintiffs' position is well-taken, and they are entitled to summary judgment on their breach of contract claim. The designated evidence establishes the existence of a contract to which Murray was bound, Murray's breach of the contract, and damage to the Plaintiffs as a result of Murray's breach. Therefore, the Court **grants** summary judgment against Murray and in favor of the Plaintiffs on their breach of contract claim.

### 4.    **Requested Relief**

The Plaintiffs ask for summary judgment as to statutory damages under 17 U.S.C. § 504(c) and permanent injunctive relief on their claims. The Plaintiffs point out,

> Under the Copyright Act, Plaintiffs are entitled to damages, either actual damages or statutory damages, at their election. 17 U.S.C. § 504(c). For the reasons set forth more fully in the next section below, Plaintiffs are dubious that Murray has the assets to compensate them either for actual or statutory damages. Accordingly, Plaintiffs seek the minimum amount of statutory damages, $750. 17 U.S.C. § 504(c)(1). These damages may properly be ordered on a summary-judgment motion. *Veeck v. S. Bldg. Code Congress Int'l Inc.*, 241 F.3d 398, 410 (5th Cir. 2001) (awarding minimum statutory damages on summary judgment); *Columbia Pictures Indus. v. T & F Enters., Inc.*, 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999) (same); *Virgin Records Am., Inc. v. Trinidad*, No. 06-5914 (WHW), 2007 WL 4264543, at *4 (D.N.J Dec. 3, 2007) (same).

([Filing No. 67 at 27](#).)

The Plaintiffs' request for an award of statutory damages on summary judgment is supported by statute and case law and is further supported by the designated evidence in this case.

Therefore, the Court **grants** this request and awards to the Plaintiffs statutory damages in the amount of $750.00 against Defendant Murray, arising from Murray's copyright infringement.

The Plaintiffs further ask for permanent injunctive relief to enjoin Murray from continuing her unlawful conduct of copyright infringement, violating the Plaintiffs' publicity rights, and disseminating and publicizing information about Schuon, Catherine Schuon, and Fitzgerald in contravention of the settlement agreement.

A permanent injunction is warranted on summary judgment when,

(1) the plaintiff has succeeded on the merits; (2) remedies at law, such as monetary damages, are inadequate to compensate for that harm; (3) an injunction is warranted after balancing the hardship to plaintiff against potential hardship to the defendant in granting the injunction; and (4) the public interest does not argue against granting the injunction.

*Midwest Title Loans, Inc. v. Ripley*, 616 F. Supp. 2d 897, 908 (S.D. Ind. 2009) (citing *Collins v. Hamilton*, 349 F.3d 371 (7th Cir. 2003)).

Based upon the Court's determinations above, the Plaintiffs have succeeded on the merits of their claims for breach of contract, copyright infringement, and rights of publicity.  The Court previously considered the other factors for injunctive relief when it issued its Entry on Plaintiffs' Motion for Preliminary Injunction, and the facts and evidence have not changed since that time.

Murray's actions create a likelihood of irreparable harm to the Plaintiffs with no adequate legal remedy.  In an email to a private investigator hired by the Plaintiffs, Murray acknowledged that she is "breaking the law everyday" [sic], and she encouraged the private investigator to distribute her book (Filing No. 20-7 at 2–3).  Murray has made repeated attempts to widely disseminate her infringing book and has encouraged others to share the book.  World Wisdom has the right to control the distribution of its copyrighted materials, and irreparable harm flows from a denial of that right.  The Plaintiffs have the right to control their publicity rights and to enjoy the

17

privacy rights provided in the settlement agreement, and irreparable harm flows from a denial of these rights.

The Plaintiffs are unlikely to recover any monetary damages from Murray. Murray's filings show that she does not have the means or intention to pay monetary damages to the Plaintiffs (*see* Filing No. 9 at 15 ("If I get charged money by a court, I have none."); Filing No. 20-6 at 2 ("However, you actually think you'll extradite me from Pakistan? Or get a cent from me? Well, there are unsurmountable hurdles you know.")). Given the likelihood that Murray will continue violating the Plaintiffs' rights and that they will not be able to obtain monetary damages, the Plaintiffs have shown a threat of irreparable harm without an adequate remedy at law in the absence of a permanent injunction.

Furthermore, the balance of harms favors granting an injunction. Murray will not be harmed by the restraint on her conduct. Indeed, injunctive relief will merely require that she stop distributing a copyrighted work upon which she is infringing, stop using publicity rights to which she is not entitled, and stop breaching her contractual obligations. It appears that Murray is no longer selling Third Wife; she is distributing it for free. Therefore, Murray will not be financially harmed by being enjoined from distributing Third Wife. Given that Murray will not be harmed by an injunction and the Plaintiffs will be harmed without an injunction protecting their rights, the balance of harms favors granting an injunction.

Finally, the Court notes that upholding copyright protections serves the public interest. *Silvertop Assocs. Inc. v. Kangaroo Mfg., Inc.*, 319 F. Supp. 3d 754, 770 (D.N.J. 2018) ("preliminary injunctions are a common judicial response to the infringement of an apparently valid copyright"). "Courts have repeatedly held that copyright and trademark law protects not only individual parties, but the public at large." *Id.* (internal citation and quotation marks omitted).

"[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Disney Enters., Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 978 (C.D. Cal. 2016) (internal citation and quotation marks omitted).  Similarly, "[i]t is in the public interest to uphold contracts." *Marquis Software Sols., Inc. v. Robb*, 2020 U.S. Dist. LEXIS 33385, at *28 (N.D. Tex. Feb. 27, 2020) (internal citation and quotation marks omitted).  Therefore, the public interest will not be harmed by the issuance of an injunction.

The Court **ISSUES THIS PERMANENT INJUNCTION**:

a.  Maude Murray is prohibited from directly or indirectly distributing, selling, or offering for sale copies of "Third Wife of the Muslim Shaykh Frithjof Schuon" in any format or medium, to any person or location within the United States;

b.  Maude Murray is prohibited from directly or indirectly engaging in any marketing, advertising, or any other conduct that seeks requests of her book "Third Wife of the Muslim Shaykh Frithjof Schuon" that is accessible to any person or location within the United States, including but not limited to, on the internet (*e.g.*, blogs, websites) and on any and all social media platforms (*e.g.*, Twitter);

c.  Maude Murray is prohibited from directly or indirectly copying any constituent elements of the Plaintiffs' copyrighted works (including "Points of Reference" and "Letter to Sister Veronica") without the Plaintiffs' express consent;

d.  Maude Murray is prohibited from directly or indirectly using any aspect of Frithjof Schuon's, Catherine Schuon's, or Michael Fitzgerald's personality for any commercial purpose without the Plaintiffs' express consent; and

 e. Maude Murray is prohibited from directly or indirectly disseminating or publicizing in any manner, including in writing or through the use of video tape recordings, information of any type concerning or in any way related to Frithjof Schuon, Catherine Schuon, or Michael Fitzgerald.

## IV. **CONCLUSION**

For the reasons stated above, the Court **DENIES** Murray's Motion to Dismiss (Filing No. 64). The Court **GRANTS** the Plaintiffs' Motion for Summary Judgment (Filing No. 66) and Motion to Strike Expedited Counterclaim for Summary Judgment Against Plaintiffs (Filing No. 152). Summary judgment is entered in favor of the Plaintiffs and against Murray on the claims for copyright infringement, right of publicity, and breach of contract.

The Court **AWARDS** statutory damages in the amount of **$750.00** to the Plaintiffs and against Murray for Murray's copyright infringement. Because each of the factors for the issuance of a permanent injunction weighs in favor of the Plaintiffs, pursuant to Federal Rule of Civil Procedure 65(d), the Court **GRANTS** the Plaintiffs' request for permanent injunctive relief. A separate Order for Permanent Injunctive Relief shall issue.

Plaintiff's claim against Murray for Count I: Civil RICO remains pending. The parties **shall contact the Magistrate Judge** to schedule a status conference, discuss settlement of the remaining claim and determine case management deadlines.

 **SO ORDERED.**

Date: 9/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan