UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and<br>WORLD WISDOM, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:21-cv-01822-TWP-TAB |
| | ) |
| MAUDE MURRAY, and<br>BEACON BOOKS AND MEDIA, LTD, | )<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS PERJURY COUNTERCLAIMS

This matter is before the Court on a Motion to Dismiss Perjury Counterclaims filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by Plaintiffs Michael Fitzgerald ("Fitzgerald") and World Wisdom, Inc. ("World Wisdom") (collectively, "Plaintiffs") (Filing No. 126). The Plaintiffs ask the Court to dismiss the purported counterclaim against Fitzgerald for perjury, which is found in three separate filings on the docket. For the reasons stated below, the Plaintiffs' Motion is **granted**.

### I. DISCUSSION

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff—the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding

whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted). A "federal cause of action" is a "general prerequisite" to subject matter jurisdiction in federal court. *Wiggins v. United States*, 2019 U.S. Dist. LEXIS 176169, at *6 (S.D. Ind. Oct. 10, 2019) (quoting *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 278 (7th Cir. 2009)).

On June 18, 2021, the Plaintiffs filed their Complaint, initiating this lawsuit to protect their copyrighted works from infringement by *pro se* Defendant Maude Murray ("Murray") and co-defendant Beacon Books and Media, LTD ("Beacon Books") (collectively, "Defendants") (Filing No. 1). The Plaintiffs' action seeks damages as well as injunctive and declaratory relief concerning their copyrighted works. The Plaintiffs assert claims for civil RICO, copyright infringement, and infringement of the right of publicity against the Defendants. The Plaintiffs also assert a claim for breach of contract against Murray and a claim for intentional interference with contractual relations against Beacon Books.

Five months after the Complaint was filed, Murray filed her Answer to the Complaint on November 17, 2021 (Filing No. 62). Seven months after filing her Answer (and twelve months after the Complaint was filed), Murray filed three separate documents that were docketed as a

counterclaim: "Expedited Counterclaim Against The Plaintiff For Perjury" (Filing No. 106), "Expedited Counterclaim Against The Plaintiff For Perjury: Detailed Annex" (Filing No. 109), and "Guilty Plea Of Contempt Of Court With Plea For Pardon And Counterclaim For Travesty Of Justice" (Filing No. 123).

Soon thereafter, the Plaintiffs filed their Motion to Dismiss Perjury Counterclaims concerning the three separate documents that were labeled and docketed as a counterclaim (Filing No. 126). The Plaintiffs ask the Court to dismiss with prejudice any counterclaim for perjury asserted by Murray against Fitzgerald. They argue that there is no private cause of action for perjury, and thus, the Court does not have subject matter jurisdiction to adjudicate such a claim brought by Murray.  Therefore, the only proper course of action is to dismiss with prejudice any counterclaim for perjury.

The Plaintiffs point to the following case law to support their argument that there is no federal or state private cause of action for perjury:

> *Traveler v. CSX Transp., Inc.*, No. 1:06CV56, 2007 WL 1830807, at *2 (N.D. Ind. June 22, 2007); *Stagman v. Beverly Bank & Trust*, No. 17 C 3451, 2017 WL 4265721, at *4 (N.D. Ill. Sept. 26, 2017) (granting motion to dismiss and holding, "Pro se Plaintiff's perjury claims fail because there is no federal or Illinois private cause of action for perjury."); *Skorychenko v. The Women's Cmty.*, No. 09-c-0109, 2009 WL 321272, at *3 (E.D. Wis. Feb. 9, 2009) ("Plaintiff's perjury allegations do not state a federal claim because there is no federal cause of action that would provide a remedy for isolated acts of perjury committed by private parties and their attorneys during state-court litigation."); *Kallie v. Tex. Dep't of Family and Protective Servs.*, No. A-13-CV-740-SS, 2013 WL 12393921, at *2 (W.D. Tex. Oct. 4, 2013) ("There is no private cause of action for perjury in federal court[.]"); *Hermon v. Jobes*, 198 N.E. 316, 319 (Ind. 1935) (no civil cause of action for perjury under Indiana law).

(Filing No. 127 at 3.) Murray did not respond to the Plaintiffs' Motion to Dismiss Perjury Counterclaims.

After carefully reviewing Murray's three counterclaim filings, the Plaintiffs' Motion to Dismiss Perjury Counterclaims, and the cited case law, the Court concludes that the Plaintiffs' position is well taken. The cited case law explains that there is no private cause of action for perjury. Thus, Murray cannot as an individual bring a counterclaim for perjury against Fitzgerald, and the Court does not have subject matter jurisdiction over such a counterclaim for perjury.

## II.    CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Dismiss Perjury Counterclaims (Filing No. 126) is **GRANTED**. Murray's counterclaim for perjury against Fitzgerald found in Filing No. 106, Filing No. 109, and Filing No. 123 is **DISMISSED with prejudice** because of a lack of subject matter jurisdiction.

**SO ORDERED.**

Date:   11/8/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan
00 92 313 595 0323