UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and <br> WORLD WISDOM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAUDE MURRAY, and <br> BEACON BOOKS AND MEDIA, LTD, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-01822-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON PLAINTIFFS' MOTION TO DECLARE DEFENDANT MAUDE MURRAY A VEXATIOUS LITIGANT

This matter is before the Court on a Motion to Declare Defendant Maude Murray a Vexatious Litigant filed by Plaintiffs Michael Fitzgerald ("Fitzgerald") and World Wisdom, Inc. ("World Wisdom") (collectively, "Plaintiffs") ([Filing No. 133](Filing No. 133)). The Plaintiffs ask the Court to declare *pro se* Defendant Maude Murray ("Murray") a vexatious litigant and implement a screening procedure for any of her future filings. For the reasons stated below, the Plaintiffs' Motion is **denied**.

## I.   DISCUSSION

The parties are well aware of the voluminous filings on the docket and the litigation conduct in this case; therefore, the Court does not provide such a summary here. Instead, the Court will proceed with its discussion of this motion.

The Plaintiffs ask the Court to declare Murray a vexatious litigant and enter an order implementing a screening procedure whereby Murray would be required to obtain leave of court prior to or contemporaneous with filing any further motions or submissions. The Plaintiffs allege,

> Murray has filed numerous documents which are rife with irrelevant accusations but entirely lacking in meaningful substance. Since May 5, 2022, Murray has filed twenty motions (and counting), some of which are duplicative of each other or prior filings (Dkts. 83, 84, 85, 87, 88, 89, 90, 93, 101, 105, 111, 112, 115, 116, 117, 118, 119, 120, 122, 123); six purported counterclaims against Fitzgerald (Dkts. 91, 92, 94, 106, 109, 123); "counterclaims" against non-parties to this litigation (Dkt. 91); and purported discovery requests that seek information entirely irrelevant to the claims and defenses at issue in this case. Dkt. 111. It has been exceedingly burdensome for Plaintiffs to discern and respond to Murray's numerous filings.

([Filing No. 133 at 2](#).)

The Plaintiffs further note, "By her own admission, [Murray] filed her motions not to seek relief from the Court but rather in hopes that the Plaintiffs would get fed up and resume settlement discussions. The Court should put a stop to her irrelevant, scandalous, and abusive filings." *Id.* at 1. The Plaintiffs argue that "[n]early all of Murray's filings lack a substantive request for relief or any cogent legal theory under which she seeks relief. Plaintiffs are left to guess at the relief Murray seeks and the basis for that relief in order to attempt to form a response." *Id.* at 5. The Plaintiffs contend that they should not be required to "continue to cull through Murray's filings to attempt to piece together what relief she is seeking and what arguments she is making. This is particularly true given the continuing influx of filings from Murray." *Id.*

> The Plaintiffs allege,
>
> Numerous of Murray's filings contain scandalous and false allegations against Fitzgerald, the Schuons, and even Plaintiffs' counsel. . . . These allegations are not relevant to any of Murray's or Plaintiffs' claims, and their sole purpose is to harass Plaintiff. Murray should not be permitted to continue to flood the docket with these scandalous, false allegations.

([Filing No. 133 at 6](#).) Plaintiffs contend, "[m]any of Murray's filings contain duplicative arguments and requests and are not related to any claim in this case. . . . In fact, some of her recent filings are nearly identical to her prior filings. . . . [I]t is also evidence of Murray's abusive filing practices." *Id.* at 6–7. The Plaintiffs argue it is burdensome for them to have to respond to

2

Murray's duplicative, redundant, and irrelevant filings, particularly where they bear no relation to any issue in front of the Court.

The day after the Plaintiffs filed their Motion to Declare Defendant Maude Murray a Vexatious Litigant, Murray filed the following response:

> I'm sorry if I filed too many Motions. I've no idea how many is too many, or how to do anything right without a lawyer. All I can do is copy the Plaintiff's lawyer, or discover a possibility online. I CAN fully explain what seems to be a hard to fathom matter, lied about and hidden for 30 years. I'm fast and efficacious because I'm not slowed by all the Plaintiff's [sic] know they should do. That does not mean I intend to bombard anyone with anything. I've already written about all I have to say unless they come up with problems. Of course I'll obey the Court. I'm only, unwillingly, in contempt when I cannot figure out how to have the truth known legally. I'm sure the whole truth will become known in any case, but I'd be delighted if that could happen THROUGH the Court and without me in contempt!

(Filing No. 137 at 1 (emphasis in original) (paragraph numbers omitted).)

The Plaintiffs' concerns with Murray's filings is well-taken; however, the vexatious litigant relief requested is unnecessary. The Court first notes that it currently has hundreds of other criminal and civil cases before it, many of which have numerous pending motions requiring the Court's attention. Thus, it is impossible for the Court to immediately address every motion or other filing submitted in this case right after the document has been filed. Because of the heavy case load in this District, litigants should expect some passage of time between the filing of a motion and a ruling on that motion. Implementing a screening procedure for Murray's future filings could be cumbersome and time-consuming.

The Court assures the parties that it is working diligently to efficiently resolve all motions in this case and all other cases pending before the Court. As noted by a sister court;

> The right of access to federal courts is not absolute. Individuals are only entitled to meaningful access to the courts. Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

> A federal court's inherent powers include the ability to fashion an appropriate sanction for conduct which abuses the judicial process. The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the inherent power to enter pre-filing orders against vexatious litigants. A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely.

*Kirksey v. Brennan*, 2022 WL 190762, at *1 (E.D. Wis. Jan. 21, 2022) (internal citations and quotation marks omitted).

Given the current status of this case—it appears to be coming to a conclusion with summary judgment and default judgment already entered—and in light of the extra burden it would place upon the Court to implement a screening process for all of Murray's future filings thereby straining judicial resources, the Court will not label Murray a vexatious litigant at this time and declines to implement a screening procedure for her future filings.

However, the Court **strongly admonishes** Murray that she must wait for an order from the Court whenever she files a motion rather than file repetitive supplemental filings to earlier filed motions.  If Murray has specific relief that she is requesting from the Court, she must file such request in a single document designated as a "motion".  Any motion filed by Murray must clearly state, in a short and plain statement, the action she wants the Court to take and the legal reasons why the Court should grant the requested relief.  Whenever Murray responds to a motion filed by the Plaintiffs, Murray should do so in a single document designated as a "response brief" rather than submitting serial filings containing afterthoughts and arguments.

## II.  CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Declare Defendant Maude Murray a Vexatious Litigant (Filing No. 133) is **DENIED**.  However, Murray is given the **strong admonishment** as described above.

**SO ORDERED.**

Date: _11/8/2022_

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan
00 92 313 595 0323