UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and<br>WORLD WISDOM, INC.,<br><br>          Plaintiffs,<br><br>          v.<br><br>MAUDE MURRAY, and<br>BEACON BOOKS AND MEDIA, LTD,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:21-cv-01822-TWP-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER DENYING DEFENDANT'S
### MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration (Filing No. 177) filed by *pro se* Defendant Maude Murray ("Murray"). After engaging in various other legal disputes with Murray, Plaintiffs Michael Fitzgerald ("Fitzgerald") and World Wisdom, Inc. ("World Wisdom") (collectively, "Plaintiffs") initiated this lawsuit to protect their copyrighted works from infringement by Murray and co-defendant Beacon Books and Media, LTD ("Beacon Books") (collectively, "Defendants") (Filing No. 1). The lawsuit also was initiated to protect the privacy rights of the Plaintiffs, which privacy rights were bargained for in a settlement agreement with Murray. The Plaintiffs' civil action seeks damages as well as injunctive and declaratory relief concerning their copyrighted works and privacy rights.

Murray filed a motion to dismiss the claim regarding the parties' nondisclosure settlement agreement, and soon thereafter, the Plaintiffs filed a motion for summary judgment. The Court entered summary judgment in favor of the Plaintiffs and denied Murray's request for dismissal of the claim regarding the parties' agreement (Filing No. 156). About two months later, Murray filed her Motion for Reconsideration (Filing No. 177), asking the Court to reconsider its summary

judgment decision regarding the parties' settlement agreement. For the following reasons, the Court **denies** Murray's Motion for Reconsideration.

## I. DISCUSSION

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id*.

In her Motion, which she titles, "Motion: Plea for Reconsideration of Dismissal of NDA of 1995," Murray asserts, "I ask The Court to reconsider its Summary Judgment and [I] promise never to use anything copyrighted, apologize for being doubly in Contempt of Court, and also apologize for the length of my answers." (Filing No. 177 at 6.) Murray provides a narrative of her personal experiences from prior decades as those experiences relate to the nondisclosure settlement agreement that underlies the Plaintiffs' claims. She provides details about her life experiences and her understanding of the parties' agreement. *Id.* at 1–5.

However, Murray does not provide new evidence that could or would affect the outcome of the motion for summary judgment and the motion to dismiss. Murray does not provide a specific argument as to how the Court manifestly erred factually or legally in its summary judgment Order. Murray does not provide legal support for her request that the Court reconsider the summary judgment Order. Instead, it appears that Murray is demonstrating her disappointment in the Court's Order, which does not show a manifest error. *See Oto*, 224 F.3d at 606. Thus, there is no basis that would warrant reconsideration of the Court's summary judgment Order.

## II.     CONCLUSION

For the foregoing reasons, Defendant Maude Murray's Motion for Reconsideration (Filing No. 177) is **DENIED**.

**SO ORDERED.**

Date:   11/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

3

Distribution:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan