UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and <br> WORLD WISDOM, INC., <br>         Plaintiffs, <br>         v. <br> MAUDE MURRAY, and <br> BEACON BOOKS AND MEDIA, LTD, <br>         Defendants. | Case No. 1:21-cv-01822-TWP-TAB |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR ENTRY OF PARTIAL FINAL JUDGMENT**

This matter is before the Court on Plaintiffs Michael Fitzgerald's ("Fitzgerald") and World Wisdom, Inc.'s ("World Wisdom") (collectively, "Plaintiffs") Motion for Entry of Partial Final Judgment (Dkt. 196). Plaintiffs ask the Court to enter partial final judgment against Defendants Maude Murray ("Murray") and Beacon Books and Media, Ltd. ("Beacon Books") (collectively, "Defendants") for Counts II through V of the Complaint. For the reasons stated below, the Plaintiffs' Motion is **granted**.

## I.    DISCUSSION

On June 18, 2021, the Plaintiffs initiated this action to protect their copyrighted works from infringement by Murray and Beacon Books (Filing No. 1). The Complaint asserts claims for Count I: Civil RICO (all Defendants), Count II: Infringement of Copyright (all Defendants), Count III: Right of Publicity (all Defendants), Count IV: Breach of Contract (Murray) and Count V: Intentional Interference with Contractual Relations (Beacon Books). On September 15, 2022, the Count entered partial summary judgment against Murray on infringement of copyright (Count II), violations of the right of publicity (Count III), and breach of contract (Count IV), and Granted

Plaintiffs' request for permanent injunctive relief. (Dkt. 156.) This Entry constituted a final judgment against Murray as to Counts II, III, and IV.

The Court granted Plaintiffs' Motion for Default Judgment against Beacon Books in February 2022 for Plaintiffs' claims of infringement of copyright (Count II), violations of the right of publicity (Count III), and intentional interference with contractual relations (Count V). The Court held an evidentiary hearing on Plaintiffs' relief as to these claims on October 28, 2022, at the conclusion of which, damages were awarded to Plaintiffs. The November 8, 2022 Entry constituted a final judgment against Beacon Books as to Counts II, III, and V. (Dkt. 180).

The sole claim remaining pending is Count I: Civil Rico against both Defendants.

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs now ask the Court to enter a partial final judgment on the claims against Murray for infringement of copyright (Count II), violations of the right of publicity (Count III), and breach of contract (Count IV), and against Beacon Books for infringement of copyright (Count II), violations of the right of publicity (Count III), and intentional interference with contractual relations (Count V). (Dkt. 196.)

Since Plaintiffs' Motion was filed, Murray has filed several documents but none appear to be a response to the Motion before the Court.

Rule 54(b) empowers a district court to enter a final judgment as to one or more, but fewer than all, claims or parties. *Rayne v. Gannon*, No. 18-cv-00076-JPH-DML, 2020 WL 7239522, at *1 (S.D. Ind. Dec. 8, 2020) (citing *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). Rule 54(b) permits entry of a partial final judgment when a distinct claim has been fully resolved with respect to all parties, and the subjects of the partial judgment do not overlap with those remaining in the district court. *Dobbey v. Carter*, 281 F. Supp. 3d 722, 725 (N.D. Ill. 2017).

The Court has not entered a partial final judgment on the resolved claims because Plaintiffs' claim for Civil RICO violations against both Defendants remains pending. Defendants contend that "[w]hile there is some factual overlap, their RICO claim is distinct from the adjudicated claims and the issues determined in the adjudicated claims have little bearing on the resolution of the RICO claim." (Dkt. 196 at 5.) Although the issues in the RICO claim may be distinct, the RICO claim involves both Defendants, factually overlaps with the resolved claims in this action and a single appeal on all claims will prevent the potential harassment and cost that a series of separate appeals from the various individual rulings could create.

To prevent "piecemeal appeals" the Seventh Circuit requires a two-step analysis of a Rule 54(b) partial final judgment — first, making sure that the order was truly a final judgment and second, determining that there are no just reasons to delay an appeal of the matter. *See Peerless Network, Inc. v. MCI Communications Services, Inc.*, 917 F.3d 538, 543 (7th Cir. 2019). The first step applies—the orders at Dkt. 156 and Dkt. 180 are final judgments resolving those claims. Resolving the second prong is more complicated. In determining whether there are no just reasons to delay an appeal in this matter, the Court's biggest concern is its desire to avoid "piecemeal appeals" in this case. Defendants themselves have accused Murray of being a vexatious litigant and as is her right, the likelihood that she will exercise her appellate rights is strong[1]. For these reasons, the Court has not issued—and typically does not issue—partial final judgments when claims remain pending in a case.

That said, the docket in this case reflects that during a telephonic status conference held on November 10, 2022, Plaintiffs stated that they intend to file the motion for partial judgment on the

---

[1] In July 2022 Murray filed a notice of appeal (Dkt. 140) which was dismissed for lack of prosecution after Murray failed to respond to the appellate courts order to show cause why her appeal should not be dismissed for lack of jurisdiction (Dkt. 175).

claims upon which Plaintiffs have prevailed, and would be seeking to dismiss the remaining RICO claim without prejudice. (Dkt. 188.) This course of action will eliminate the risk of piecemeal appeals in this case. With the assurance that the remaining RICO claim will soon be resolved, the Court determines that there are no just reasons to delay an appeal of the matter. Accordingly, the Court **grants** the Plaintiffs' Motion.

## II. CONCLUSION

For the reasons stated above, the Plaintiffs' Motion for Entry of Partial Final Judgment (Dkt. 196) is **GRANTED.** The Court intends to issue rulings on pending motions related to the resolved claims, thereafter, a partial final judgment will be issued in a separate order.

**SO ORDERED.**

Date: 1/5/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan
00 92 313 595 0323