UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FITZGERALD, and ) <br> WORLD WISDOM, INC., ) <br> ) <br>             Plaintiffs, ) <br> ) <br>             v. ) <br> ) <br> MAUDE MURRAY, and ) <br> BEACON BOOKS AND MEDIA, LTD, ) <br> ) <br>             Defendants. ) | No. 1:21-cv-01822-TWP-TAB |

**ORDER ON MOTIONS TO RECONSIDER THE ORDER AGAINST
BEACON BOOKS AND MEDIA LTD IN DOCKET 180**

This matter is before the Court on two "Motions to Reconsider the Order Against Beacon Books and Media LTD in Docket 180" (Filing No. 190; Filing No. 191). For the reasons stated below, the Motions are **stricken**.

On November 8, 2022, the Court entered an Order providing an award of damages, fees, and injunctive relief to the Plaintiffs against Defendant Beacon Books and Media, LTD ("Beacon Books") following entry of default judgment against Beacon Books (Filing No. 180).

When entering default judgment against Beacon Books on February 24, 2022, the Court explained,

> Plaintiffs filed their Complaint against Defendants Maude Murray and Beacon Books in June 2021. The Complaint was properly served on Beacon Books on or about July 5, 2021. This Court has determined that service was proper. Beacon Books, a corporation, has failed to properly plead in response to the Complaint. A corporation may appear in federal courts only through licensed counsel. No counsel has yet appeared on Beacon Books' behalf. A Clerk's Entry of Default was issued against Beacon Books on October 1, 2021. (Dkt. 49.) Beacon Books has not appeared to seek to set aside the entry of default or otherwise participate in the case. Since Beacon Books has failed to respond to the allegations against it, all of the well-pleaded allegations against it regarding liability are taken as true. In light of

> the well-pleaded allegations, Plaintiffs have demonstrated that they are entitled to a default judgment against Beacon Books under Rule 55(b)(2).

(Filing No. 81 at 2.) In the default judgment Order, the Court noted that it would "schedule this matter for an evidentiary hearing." *Id.* at 3. The Court held an evidentiary hearing on the default judgment on October 28, 2022 (Filing No. 174). Thereafter, the Court issued its Order Awarding Relief Pursuant to Default Judgment Against Beacon Books and Media, LTD (Filing No. 180), and the pending Motions to Reconsider (Filing No. 190; Filing No. 191) promptly followed.

The first Motion to Reconsider was filed by an individual in the United Kingdom: Mohammed Raza-ul-haq Jamil Chishti. He previously filed a motion to dismiss, which was stricken from the record because it was "improperly filed by a corporation unrepresented by legal counsel." (Filing No. 15.) When the Court later granted the Plaintiffs' motion for entry of a Clerk's Default, the Court explained,

> The Court has been liberal in allowing Beacon Books time to retain counsel, however to date, no attorney has entered an appearance on their behalf. No one has properly responded to Plaintiff's complaint on Beacon Books behalf. Plaintiffs allege that Beacon Books failed to answer or otherwise properly respond to the Complaint within 21 days of service, thus they are entitled to a Clerk's default.
>
> *Pro se* litigant Mohammed Raza-ul-haq Jamil Chishti filed a timely Objection, (Dkt. 42) to the Report and Recommendation stating that he "is still in the process of trying to obtain legal representation even on limited appearance basis". *Id.* However, because a *pro se* litigant cannot represent a corporation, the Objection must be **stricken**.

(Filing No. 48 at 2.)

Because a *pro se* litigant cannot represent a corporation, Mohammed Raza-ul-haq Jamil Chishti's pending Motion to Reconsider must be **stricken**. *See Old Ben Coal Co. v. OWCP*, 476 F.3d 418, 418–19 (7th Cir. 2007) ("A corporation cannot litigate in federal court pro se.").

Even if the Motion to Reconsider were to be considered, it would be denied because a motion to reconsider is successful only when a manifest error of law or fact has been made, *see*

2

*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013), and no such error has occurred in the Court's Orders regarding default judgment. Mohammed Raza-ul-haq Jamil Chishti asserts that Beacon Books was not notified of the October 28, 2022 evidentiary hearing, so the Court's Order following that hearing should not have been issued. However, notice is required to be provided only to parties who have appeared, *see* Federal Rules of Civil Procedure 5(a)(2) and 55(b), and Beacon Books failed to appear in the litigation, so there was no error in the Court's issuance of the Order.

The second Motion to Reconsider was filed by Defendant Maude Murray ("Ms. Murray") one day after Mohammed Raza-ul-haq Jamil Chishti filed his Motion to Reconsider. Ms. Murray's Motion to Reconsider is nearly identical to the first Motion to Reconsider. Ms. Murray is not an attorney licensed to practice before this Court, and she has not and cannot file an appearance on behalf of Defendant Beacon Books, nor can she file motions on behalf of Defendant Beacon Books. Therefore, for the reasons discussed above, Ms. Murray's Motion to Reconsider also must be **stricken** from the docket.

In conclusion, Mohammed Raza-ul-haq Jamil Chishti's Motion to Reconsider (Filing No. 190) is **stricken** from the docket, and Defendant Maude Murray's Motion to Reconsider (Filing No. 191) also is **stricken** from the docket.

**SO ORDERED.**

Date: 5/5/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP
elizabeth.charles@faegredrinker.com

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
louis.perry@faegredrinker.com

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP
jason.rauch@faegredrinker.com

Maude Murray
c/o Dilawar Khan, Son of Abdul Qayyum
Mandroch Khurd
P.O. Nawan Shehr
Abbottabad, KPK
Pakistan

Mohammed Raza-ul-haq Jamil Chishti
Earl Business Centre, Dowry Street
Oldham OL8 2PF
United Kingdom